We also find that the People did not fail to disclose to defendant exculpatory information *(see, Brady v Maryland,* 373 US 83). (Appeal from judgment of Supreme Court, Monroe County, Cornelius, J.—rape, first degree, and other charges.) Present—Dillon, P. J., Denman, Boomer, Green and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELBERT ODE, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of felony murder and first degree robbery, defendant's attorney and defendant *pro se* raise several claims, some unpreserved and none requiring reversal. The trial court properly received the testimony of the People's expert concerning the bullet fragments because it was not speculative. The evidence amply supported the convictions. The prosecutor's reference to the codefendant's guilty plea did not prejudice the defendant because the codefendant acknowledged the plea in his trial testimony, and defendant's attorney used the codefendant's plea to impeach him. On this record defendant's sentence is not excessive. (Appeal from judgment of Monroe County Court, Bergin, J.—murder, second degree.) Present—Dillon, P. J., Denman, Boomer, Green and Lawton, JJ.